This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                    **No. 31,897**

**DAVID TETER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Frechette & Associates, P.C.
Todd Hotchkiss
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant-Appellant David Teter (Defendant) appeals his conviction for driving while intoxicated (DWI).  We issued a notice of proposed summary

disposition, proposing to uphold the conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

Defendant has raised a single issue, contending that the district court erred in admitting the results of a breath-alcohol test (BAT) on grounds that the State failed to lay an adequate foundation. [DS 13] Specifically, Defendant contends that the State's failure to affirmatively establish that the breath testing apparatus was situated in an approved location should be regarded as a fatal deficiency.

As we observed in the notice of proposed summary disposition, the New Mexico Supreme Court addressed the foundational requirements associated with the admission of BAT results in the case of *State v. Martinez*, 2007-NMSC-025, 141 N.M. 713, 160 P.3d 894. After considering the relevant SLD regulations and applicable precedent, the Supreme Court held that an officer's testimony that he saw a certification sticker issued by the SLD attached to the breath testing machine and that the sticker indicated that the certification was current, is sufficient to satisfy foundational requirements. *Id.* ¶ 23. In this case, Officer Carr provided precisely such testimony. [DS 7] Thus, applying *Martinez*, an adequate foundation was laid.

To the extent that Defendant may contend that *Martinez* is not conclusive, we disagree. As we previously explained, the Supreme Court explicitly acknowledged the site approval requirement among other pertinent SLD regulations. *Id.* ¶ 11. We

read *Martinez* to signify that competent evidence of current certification is sufficient to establish a foundation for the admission of BAT test results relative to *all* of the accuracy-ensuring regulations that the Supreme Court took into consideration, including the regulation addressing site approval. *Id.* ¶ 12.

In his memorandum in opposition Defendant argues at length that the certification process does not incorporate site approval, and as such, the State should be required to present additional evidence relative to the location of the testing apparatus in order to lay an adequate foundation for the admission of BAT results. [MIO 2-12] We find Defendant's argument to be an interesting one. However, because we remain of the opinion that *Martinez* is controlling, we can only suggest that Defendant's argument would be better addressed to a higher tribunal. *See generally State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶¶ 20-22, 135 N.M. 375, 89 P.3d 47 (observing that the Court of Appeals is bound by New Mexico Supreme Court precedent).

Accordingly, for the reasons stated, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

3

_____

**J. MILES HANISEE, Judge**